IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ALICE DYER,**

    **Plaintiff,**

v.                                           Civil Action No. 2:14-cv-14052

**CAROLYN W. COLVIN, Commissioner**
**Social Security Administration,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Defendant's Brief in Support of Defendant's Decision (ECF No. 12).

### Background

Alice Dyer, Claimant, applied for disability insurance benefits (DIB) under Title II and Part A of Title XVIII of the Social Security Act (Tr. at 127-126, 135-138) and supplemental security income (SSI) under Title XVI of the Social Security Act (Tr. at 129-134) on February 16, 2011, alleging disability beginning on March 1, 2010 (ECF at 127, 129, 135). The claim was denied initially on May 10, 2011, and upon reconsideration on July 29, 2011 (Tr. at 56, 57). Claimant filed a written request for hearing on August 17, 2011. (Tr. at 83-84).

Claimant appeared in person and testified at a hearing held in Huntington, West Virginia on August 9, 2012 (Tr. at 28-55). In the Decision dated September 21, 2012, the ALJ determined that Claimant was not under a disability, as defined in the Social Security Act, at any time from March 1, 2010, the alleged onset date, through June 30, 2011, the date last insured (Tr.

at 10-27). On November 13, 2012, Claimant filed a Request for Review of Hearing Decision of the ALJ asserting that the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 9). On December 4, 2013, the Appeals Council granted Claimant's request for review of the ALJ's decision (Tr. at 58-62). On February 5, 2014, the Appeals Council entered into the record the Council's notice of proposed action, which was listed in the Supplemental List of Exhibits as Exhibit 3A. On February 5, 2014, after considering the entire record, the Appeals Council adopted the ALJ's findings and conclusions that the Claimant was not disabled as defined in the Social Security Act at any time through September 30, 2011, and not entitled to a period of disability or disability insurance benefits (Tr. at 1-8).

On April 4, 2014, Claimant bought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse, remand or modify that decision.

Under 42 U.S.C. § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id*. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id*. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id*. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the

impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id*. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id*. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period from her alleged onset date of March 1, 2010, through her date last insured of September 30, 2011[1] (Tr. at 5, 15). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of carpal tunnel syndrome, status post release and degenerative joint disease of the neck. At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in 20 C.F.R. 404 Subpart P, Appendix 1 (Tr. at 18). The ALJ then found that Claimant has a residual functional capacity (RFC) for light work, reduced by nonexertional

---

[1] The Administrative Law Judge found Claimant was last insured on June 30, 2011, however, the Appeals Council noted that Claimant was last insured through September 30, 2011.

limitations[2] (Tr. at 18-19). The ALJ held that Claimant can return to her past relevant work (Tr. at 20). The ALJ concluded that Claimant could perform jobs such as sorter and folder (Tr. at 21). On this basis, benefits were denied (Tr. at 22).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence, and the court proposes that the presiding District Judge so find.

---

[2] Claimant is able to occasionally lift up to ten pounds and frequently lift less than ten pounds. Claimant can occasionally stand, walk and sit for six hours, frequently balance, stoop, kneel, crouch and occasionally climb ramps and stairs and crawl. Claimant is precluded from climbing ropes, ladders or scaffolds; occasionally using the lower extremities for pushing or pulling, as with the operation of foot controls. She must avoid more than occasional exposure to extreme temperatures of hot and cold, wetness and humidity, and concentrated exposure to extreme vibrations, fumes, odors, dusts, gases, poor ventilation and hazards. She should be limited to simple, routine and repetitive tasks, with few, if any, work place changes, does not require writing, is performed in an environment free of fast paced production, allows the individual to be off task up to 10% of the day, in addition to regularly scheduled breaks and involves oral instructions. *See* Tr. at 20.

The hearing before an Administrative Law Judge (ALJ) was conducted on August 9, 2012. The ALJ rendered an unfavorable decision on September 21, 2012. A Request for Review of Hearing Decision form was received via faxed on November 13, 2012. The Request consisted of 18 pages, however, the Appeals Council only acknowledges one page. The page acknowledged by the Appeals Council was a completed form requesting review. The remaining 17 pages of the fax that the Appeals Council did not acknowledge consisted of Claimant's Appeal Letter and newly submitted evidence.

A Notice of Appeals Council Action to review was mailed to Claimant on December 4, 2013 (Tr. at 58). The Notice of Appeals Council Action informed Claimant that her Request for Review of the ALJ's decision dated September 21, 2012, was received and that Claimant may submit more evidence or a statement about the facts and the law within 30 days (Tr. at 59). The Notice stated that evidence submitted will be considered to determine if it is new and material and regarding the relevant period of time (Tr. at 60).

The Appeals Council's Decision dated February 5, 2014, states the following:

> The Council also notified the claimant and the representative that it would consider any comments or new and material evidence that the claimant or the representative submitted within 30 days from the date of the notice. No comments or additional evidence have been received (Tr. at 4).

The Appeals Council's Decision did not acknowledge or address the argument raised in Claimant's Appeal Letter received via fax on November 13, 2012, nor did it mention the new evidence submitted by Claimant. The Appeals Council only acknowledged the faxed form to Claimant's Request a Review of the ALJ's decision. The other 17 pages containing an Appeal Letter and new evidence was not acknowledged, discussed or weighed.

### Claimant's Background

Claimant was born on October 7, 1957. Claimant testified at the hearing on August 9, 2012, that she was 54 years old (Tr. at 32). She has a GED and a driver's license. Claimant has work experience as a stagehand, telemarketer and elderly caregiver (Tr. at 34-35).

### The Medical Record

The Court has reviewed all evidence of record and will discuss it further below.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Administrative Law Judge (ALJ) incorrectly found her lumbar spine and foot impairments were non-severe (ECF No. 10). Claimant further asserts that new and material evidence from Russell Snyder, M.D. warrants remand under the sixth sentence of 42 U.S.C. § 405(g). Defendant asserts that Claimant has failed to meet her burden to prove that she could not perform her past relevant work. Defendant asserts that claimant failed to demonstrate that she had a disabling impairment before June 30, 2011, her date last insured (ECF No. 11).

The ALJ must accompany his decision with sufficient explanation to allow a reviewing court to determine whether the Commissioner's decision is supported by substantial evidence. "[T]he [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a statement of the reasons for that decision." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge . . . ." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

At the hearing before the ALJ, Claimant testified to experiencing back pain (Tr. at 38-41, 43-44). Claimant testified that nothing helps the pain she experiences in her back (Tr. at 44). Claimant testified to taking Tramadol for pain up to three times a day, icing and heating her back, seeing a chiropractor and receiving massage therapy (Tr. at 41). She testified that her back pain has worsened in the time period between 2005 and 2011 (Tr. at 44).

Listing 1.04, which Claimant asserts he meets or equals, requires the following:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

    A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

    B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

    C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b. 20 C.F.R., Pt. 404, Subpt. P., App. 1,§ 1.04 (2002).

Claimant asserts that throughout the record, there were indications that Claimant suffered from back pain. On May 29, 2009, Claimant complained of joint and back pain for the past two months (Tr. at 243-244). On examination, she was noted to have segmental pain in the cervical and lumbar spines and was diagnosed with osteoarthritis (*Id.*). In July 2009, the record indicated Claimant was unable to continue physical therapy for her foot impairments due to the exercises

causing an exacerbation of her lower back pain and left hip pain (Tr. at 254). In February 2011, Claimant stated her back pain had slowly progressed to affecting the back of her thighs with constant spasms that would "draw her down" (Tr. at 278-279). Claimant was observed to have endpoint pain with range of motion testing and diffuse spasm was noted (*Id.*). In March 2011, a chiropractor evaluated Claimant and diagnosed lumbosacral radiculitis secondary to lumbar disc displacement (Tr. at 282). Claimant testified she had attempted chiropractic treatment without relief but did not receive pain injections out of fear of the shots (Tr. at 40- 41).

While Defendant argues in Its Brief in Support of Defendant's Decision that "the ALJ recognized that [Claimant] received treatment for joint and back pain," the ALJ's decision did not provide explanation from which the Court can conclude that the ALJ sufficiently weighed the evidence of record regarding Claimant's back impairment in keeping with the above mentioned regulations and case law.

The ALJ must accompany his decision with sufficient explanation to allow a reviewing court to determine whether the Commissioner's decision is supported by substantial evidence. "[T]he [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a statement of the reasons for that decision." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge . . ." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Additionally, the Appeals Council did not mention or discuss the Appeal letter and evidence submitted via fax on November 13, 2012. In violation of the Social Security's Hearing, Appeals and Litigation Manual (HALLEX) I-3-5-20, the Appeals Council did not identify the

8

newly submitted evidence, reflect whether the new evidence did or did not relate to the period on or before the ALJ decision or explain why the evidence did not provide a basis for granting review under the "weight of the evidence" standard. *See* CRF 404.970 and 416.1470; HALLEX I-3-3-6.

Based on the above, this Court proposes that the presiding District Judge find that the ALJ's decision was not supported by substantial evidence because the ALJ failed to properly weigh the evidence of record and explain his findings related thereto. In addition, the Appeals Council failed to address and discuss newly submitted evidence as required pursuant to HALLEX I-3-5-20.

Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Complainant's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** Defendant's Brief in Support of Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant of 42 U.S.C. §405(g) [3]. A sentence four remand is appropriate due to the ALJ's inadequate analysis and explanation as to Claimant's back impairment. Additionally, a sentence six remand is appropriate due to the Appeals Counsel's failure to adequately explain any consideration and weight given to the newly submitted evidence.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three

---

[3] A court may order a remand under sentence 4 of § 205(g) of the Social Security Act, if the court decides that additional development and/or the evaluation of evidence is needed to make a decision in the case; or A court may order a remand under sentence 6 of § 205(g) of the Social Security Act if new and material evidence is submitted to the court with a showing of good cause for not incorporating the evidence into the record in the prior proceeding.

days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings be submitted to the Honorable Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date: July 24, 2015.

_____
Dwane L. Tinsley
United States Magistrate Judge